IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER BUNKER,  
Personal Representative of the  
Estate of John Bunker,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

1:12-cv-1742-CL

**ORDER**

CLARKE, Magistrate Judge.

    This matter comes before the court on defendant United States of America's ("United States") motion (#12) to dismiss for lack of subject matter jurisdiction. Upon consideration of the motion and the entire file, the motion to dismiss is denied.

### BACKGROUND

    Plaintiff Heather Bunker ("Ms. Bunker"), personal representative of the estate of John Bunker, filed a claim for damages arising out of a motor vehicle accident against defendant United States on September 26, 2012 under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging jurisdiction under 28 U.S.C. § 1346(b). On May 21, 2013, the United

Page 1 – ORDER

States filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The parties have consented to adjudication by a Magistrate Judge. (#17).

Ms. Bunker's Complaint (#1) alleges that on September 28, 2009, John Bunker, a resident of Klamath Falls, Oregon, was struck by a mail truck operated by the United States Postal Service ("USPS"). Compl. ¶ 8. As a result, Mr. Bunker sustained significant physical injuries resulting in physical, mental, and emotional pain. *Id.* at ¶ 10. The Complaint seeks economic damages of $47,755.97, lost wages in the amount of $98,855.60, and non-economic damages in the amount of $345,000. *Id.* at ¶¶ 11-12.

On October 27, 2009, Mr. Bunker filed an administrative claim for damages to his vehicle resulting from the September 28 accident, using a signed Standard Form 95 ("SF 95"). Answer at ¶ 13. Mr. Bunker completed the SF 95 requesting property damages in the amount of $3,011.86, and indicated in a box labeled "Personal Injury" that his injuries were "on going." Immediately below the lines on which he listed his damages, the SF 95 contains a preprinted statement in bold capital letters:

> I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

After receiving his request, the USPS sent Mr. Bunker a settlement check for $3,011.86 along with a letter stating that the check was for "full and final settlement of [his] claim." Dkt. 12, Ex. B. The letter also stated that "[a]cceptance ... operates as a complete release and bars recovery of any additional or future claims against the United States, the U.S. Postal Service, or any employee whose act or omission gave rise to the claim by reason of the same subject matter." *Id.* Mr. Bunker cashed the settlement check in November, 2009. Decl. Patti Bush, ¶ 4.

On September 28, 2011, Ms. Bunker filed a second claim to the USPS using Standard Form 95 and seeking $423,955.69 for damages arising out of the 2009 accident. The USPS denied this claim by letter dated April 5, 2012. *Id.* This action followed. The United States now moves (#13) to dismiss Ms. Bunker's Complaint, arguing that it is barred by Mr. Bunker's acceptance of the 2009 settlement check and release of claims pursuant to 28 U.S.C. § 2672.

## LEGAL STANDARDS

The federal courts are courts of limited jurisdiction. *See, e.g.,* Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552, 125 S.Ct. 2611 (2005). Therefore, the presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

Sovereign immunity limits a district court's jurisdiction over actions brought against the United States. *See, e.g.,* U.S. v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961 (1983). Ms. Bunker brings this action under the FTCA, which waives sovereign immunity for certain torts "in the same manner and to the same extent as private individuals in like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where the act of omission occurred," 28 U.S.C. § 1346(b). As a jurisdictional prerequisite, the FTCA requires claimants to exhaust administrative remedies before bringing an action against the United States. 28 U.S.C. § 2675(a); Wiseman v. United States, 976 F.2d 604, 605 (9th Cir. 1992) ("Presenting an FTCA claim to the appropriate government agency and having it denied is a jurisdictional prerequisite to filing a claim in the district court."). If a claim is favorably adjudicated and settled through the administrative process, the claimant cannot bring suit against the United States, and the federal district courts are without jurisdiction to hear any such suit. Schwarder v. United States,

Page 3 – ORDER

974 F.2d 1118, 1124 (9th Cir. 1992) (administrative settlement pursuant to § 2672 bars further claims by the settling party).

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss a complaint for lack of jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be either facial or factual." Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. By contrast, a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Three different standards apply in the evaluation of a Rule 12(b)(1) motion, depending upon how the motion is made and what it addresses.

First, in a facial attack, the factual allegations of the complaint are presumed to be true and conflicts in the pleadings are resolved in the plaintiff's favor. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009) (internal citations omitted); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). The court need merely to look at the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. To survive such a motion, the plaintiff need only make a *prima facie* showing of jurisdiction. Rio Props., Inc., 284 F.3d at 1019; *see also* Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999).

Second, in a factual attack challenge "[w]here the jurisdictional issue is separable from the merits of the case, judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In this situation, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment, and need not presume the truthfulness of the plaintiff's

allegations. *Id.* (*quoting* Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

Third, in a factual attack where the relevant facts are dispositive of both the Rule 12(b)(1) motion and portions of the merits, the court applies the standard applicable to a summary judgment motion. Autery v. U.S., 424 F.3d 944, 956 (9th Cir. 2005) (internal citation omitted). That is, the motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Trentacosta v. Frontier Pac. Aircraft Indust., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (*citing* Augustine v. U.S., 704 F.2d 1074, 1077 (9th Cir. 1983)).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. *See* 28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. Snell v. Cleveland, Inc., 316 F.3d 822, 828 n. 6 (9th Cir.2002); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## DISCUSSION

The parties agree that Mr. Bunker filed and settled an administrative claim with the USPS in 2009 for damages to his vehicle. At issue is whether that adjudication settled *all* of Mr. Bunker's claims arising out of the September 28, 2009 incident. After careful consideration of the record, the Court finds that the initial settlement with the USPS does not bar Ms. Bunker's subsequent claim for personal injuries. The United States' motion to dismiss is therefore denied.

The United States argues that this Court lacks jurisdiction over Ms. Bunker's Complaint because all of Mr. Bunker's claims arising from the 2009 accident were settled by his acceptance

of a claim check following his initial submission of the SF 95. We turn to principles of contract interpretation to decide whether Mr. Bunker released all of his claims against the United States by cashing the settlement check for $3,011.86. Here, the Court must employ Oregon law to interpret the language at issue. *See id.; see also* Country Mut. Ins. Co. v. Pittman, 910 F.Supp. 2d 1233, 1241 (D. Or. 2012). Because the relevant facts are dispositive of both the Rule 12(b)(1) motion and portions of the merits, the Court applies the standard applicable to a summary judgment motion. Autery, 424 F.3d at 956 (9th Cir. 2005) (internal citation omitted).

## I. The Three-Step Inquiry

Oregon courts follow a three-step inquiry for adjudicating contract disputes. Yogman v. Parrot, 325 Or. 358, 361 (1997). The first step asks whether the disputed text is clear on its face. If the text is clear on its face, the court construes the contract terms as a matter of law. If the contract is ambiguous, the court proceeds to step two, which looks to extrinsic evidence of the parties' intent. Yogman, 325 Or. at 363-64. Communications or actions of the parties can constitute extrinsic evidence. In general, if a disputed contract term is ambiguous, the term "is construed against the drafter of the contract." *See* Berry v. Lucas, 210 Or. App. 334, 339 (2006). Finally, if there is no extrinsic evidence, the court proceeds to step three, applying maxims of contract construction. Yogman, 325 Or. at 364. Here, the issue is whether the "claim" language in the SF 95 and other communications from the USPS refers to all of Mr. Bunker's claims against the United States arising out of the 2009 accident, or to his property damage claim only.

### A. Step One

Under Oregon law, contract terms are ambiguous if capable of more than one sensible interpretation. *See* Deerfield Commodities, LTD. v. Nerco, Inc., 72 Or. App. 305, 317 (1985) (). Because the parties reasonably dispute the meaning of the contractual language, the relevant

contractual language is not clear on its face and cannot be resolved as a matter of law. The Court thus proceeds to step two of the inquiry. Yogman, 325 Or. at 363-64.[1]

### B. Step Two

Viewed in the light most favorable to the non-moving party, the extrinsic evidence in the record indicates that the parties intended to contract for a release of Mr. Bunker's property damage claims only. See Autery, 424 F.3d at 956. First, SF 95 states in pertinent part, "if claimant intends to file for both personal injury and property damage, claims for both must be shown." On the initial SF 95, Mr. Bunker requested only a sum for vehicle damage and provided supporting documentation for that claim only (excluding, for example, medical bills and/or statements of medical expenses required to support a personal injury claim). Mr. Bunker thus evidenced the intent that "this claim" refer to vehicle damage only when he signed the SF 95.

Second, the SF 95 requires that claims be presented with a "sum certain." It is undisputed that Ms. Bunker did not submit a "sum certain" claim for personal injury expenses until September 27, 2011. As noted, on the initial SF 95, Mr. Bunker wrote "on going" in the box marked "Personal Injury," and did not include a sum for his damages in that category.

Finally, Ms. Bunker participated in a three-way conversation with Mr. Bunker and the United States. In that conversation, the United States indicated that a subsequent claim for

---

[1] The United States argues that the contractual language is clear and that Mr. Bunker's acceptance of the check constitutes a complete release of all claims against the Postal Service as a matter of law. The Court rejects this argument. The Third Circuit has addressed the issue of whether accepting and cashing a government check constitutes a contractual release to bar a later suit in Macy v. United States, 557 F.2d 391 (3rd Cir. 1977). In Macy, the plaintiff filed a claim for personal injuries after she had accepted and signed a release similar to the one at issue here. The Macy court denied the government's motion to dismiss Ms. Macy's claim. It held that 28 U.S.C. 2672, which governs the administrative adjustment of tort claims against the United States, "does not provide that acceptance of payment of ... a government check operates as a 'complete release.'" Id. at 394. The Court agrees, and finds that Mr. Bunker's acceptance of the USPS check does not automatically operate as a complete release of all claims arising from the 2009 accident.

personal injuries would be allowed after Mr. Bunker's vehicle damage claim was settled. Decl. Heather Bunker, ¶ 4. While the United States challenges the accuracy of Ms. Bunker's statement, the Court must construe disputed facts in the light most favorable to the non-moving party, Ms. Bunker. See Autery, 424 F.3d at 956.

After analyzing the parties' intentions as evidenced by the extrinsic evidence, and construing the ambiguous term against the drafter of the contract, the Court finds that the parties contracted to settle all claims for damage to his vehicle, but did not contract for the settlement of Mr. Bunker's other claims arising from the 2009 incident. See Berry, 210 Or. App. at 339.[2]

The United States urges the Court to follow Murphree v. U.S., an unpublished decision from the District of Kansas. 2011 WL 1980371; USA's Reply to Plaintiff's Opposition, 6. In Murphree, the plaintiff, Ms. Murphree, submitted a SF 95 for damages to her vehicle arising out of an accident with an automobile controlled by the USPS. In the box concerning "Personal Injury" in SF 95, Ms. Murphree wrote "bruising of ribs neck and back strain," but included no dollar amount. Id. at *1. The plaintiff received a check from the USPS and cashed it. Ms. Murphree's check was also accompanied by a letter stating that "[a]cceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the U.S. Postal Service, or any employee whose act or omission gave rise to the claim by reason of the same subject matter." Id. at *1. Ms. Murphy's subsequent request for $550,000 for her personal injuries was denied, and she brought an action against the United States. While the Murphree court acknowledged the possibility that Ms. Murphree misunderstood the legal ramifications of accepting and cashing the initial settlement check from the USPS, it nevertheless held that her claim was barred by her acceptance of a claim check for

---

[2] Because there is extrinsic evidence of the parties' intent, the Court need not proceed to step three of the inquiry. Yogman, 325 Or. at 364.

her initially filed SF 95. The Murphree court thus dismissed Ms. Murphree's complaint for lack of subject matter jurisdiction. Murphree, 2011 WL 1980371 at *7.

The United States argues that, like Ms. Murphree, Mr. Bunker accepted and cashed a settlement check from the USPS that was accompanied by the disclaimer that acceptance of the check "operates as a complete release and bars recovery of any additional or future claims against the United States ... [based on] the same subject matter." *See* Dkt. 13, Ex. 2. Like Ms. Murphree, Mr. Bunker did not include a dollar amount for his personal injuries when he filed his initial SF 95. Whereas the plaintiff in Murphree summarized her personal injuries on the SF 95, however, Mr. Bunker indicated that his personal injuries were ongoing and did not provide a summary. Based on the information in Mr. Bunker's initial SF 95, then, the amount of damages claimed clearly could not represent his personal injury costs, which were ongoing and not yet certain. Murphree, therefore, is not directly on point.

In sum, construing the evidence in the light most favorable to the non-moving party, the Court finds that Mr. Bunker settled only his property damage claim with the United States. Therefore, Defendants' argument that the Court lacks subject matter jurisdiction over this action fails. Ms. Bunker's administrative request for personal injury damages was rejected by the USPS in 2011, and this Court has jurisdiction over her claim pursuant to the 28 U.S.C. § 1346(b).

## CONCLUSION

For the reasons stated above, the Court has jurisdiction over Ms. Bunker's Complaint. Because this court has subject matter jurisdiction, defendant's motion to dismiss (#13) is DENIED.

IT IS SO ORDERED.

DATED this \_\_\_3rd\_\_\_ day October, 2013

MARK D. CLARKE
United States Magistrate Judge